Filed 7/26/23  In re R.M. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re R.M., a Person Coming Under the Juvenile Court Law. | B323512 (Los Angeles County Super. Ct. No. 21CCJP04285) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>EMILY M.,<br><br>        Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charles Q. Clay III, Judge.  Affirmed.

Jesse McGowan, under appointment by the Court of Appeal, for Objector and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

On August 20, 2021, Emily M. (mother), who resides in Virginia, came to California with her six-year-old daughter, R.B., for a vacation. While they stayed at a hotel in Marina Del Rey, incidents led police to place mother on a psychiatric hold and take R.B. into protective custody.

The Los Angeles County Department of Children and Family Services (DCFS or the department) filed a dependency petition alleging R.B. was at risk of serious physical harm due to mother's inability to care for the child due to mother's mental and emotional problems. The juvenile court made emergency detention findings, asserted temporary emergency jurisdiction, and ultimately sustained the petition. The court removed R.B. from parental custody, ordered reunification services for mother, and ordered an expedited placement assessment on maternal relatives in Virginia under the Interstate Compact for the Placement of Children.

Mother appealed from the dispositional order, contending the court lacked subject matter jurisdiction.

We affirmed the order, holding California may assert jurisdiction over R.B. pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq.). (*In re R.B.* (B318419, May 26, 2023) [nonpub. opn.].)

At a review hearing on August 5, 2022, the juvenile court found mother's reunification progress to be only partial, and continued the placement order.

Mother again appeals, contending on the same grounds as in her prior appeal that the juvenile court lacked subject matter jurisdiction. She requests that the continued placement order be vacated.

On March 14, 2023, after mother filed her appeal, the juvenile court terminated the placement order and ordered R.B. placed with mother in Virginia with the provision of family maintenance services.

The department moves to dismiss the appeal, contending the juvenile court's latest order grants mother the relief she seeks, rendering the appeal moot.

We agree the March 14, 2023 order has rendered this appeal moot. We nevertheless deny Respondent's motion to dismiss because the juvenile court's continued assertion of jurisdiction means there may be a recurrence of the controversy between the parties over that issue. (*In re D.P.* (2023) 14 Cal.5th 266, 282.)

For reasons stated in our prior opinion, we reaffirm the court's jurisdiction.

## DISPOSITION

The juvenile court's order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.          WEINGART, J.

3